Judge‘UNDERwooD
delivered the Opinion of the Court.
John Den, as lessee of Fowler, obtained a judgment, in May, 1820, for his term yet to come in and to an undivided moiety of five hundred acres of land mentioned in the declaration. In 1823, a writ of habere facias issued upon this judgment, and was executed by the sheriff; who, according to the command thereof, delivered possession of a moiety of the tenements to the lessor, Fowler. In 1830, Fowler, in the name of John Doc, as lessee, sued out a second writ of habere facias, *53 and in virtue thereof, the sheriff put said Fowler into possession of various tenements occupied by other persons than those who were subjected to the writ of 1823. In executing this last writ, the sheriff turned no tenant out, but he put Fowler in as a co-tenant.
Parties ousted by execution of an illegal process, are entitled to a writ of restitution — by which all may beplaced in statu quo
On the motion of Currie &c. this second writ of habere facias was quashed,, and a writ of restitution awarded. Whether the court acted correctly in quashing the second habere facias, and in awarding restitution, are the questions presented for revision.
We think the second habere facias was properly quashed. It satisfactorily appears, that Fowler, by the execution of the first habere facias, was put into possession of the moiety of the'land recovered. By such delivery of the possession, his judgment was fully satisfied, and thereafter, he could no more have another writ of habere facias, than a plaintiff could have' a second fieri facias after making the amount of his judgment upon the first.
If the possession delivered under the first habere facias is invaded, Fowler must seek redress by writ of forcible entry, or by ejectment. His adversaries will thereby have an opportunity to be heard. He cannot redress himself against them by a new habere facias on a satisfied judgment.
We perceive no error in the judgment for restitution. Its effect is to place the parties in statu quo. There they should be placed whenever the process of execution has been improperly used to gain an advantage, or to the prejudice of a party who is not, or ought not to have been, bound by the judgment.
We deem it useless to notice minor questions in the cause.
Judgment affirmed, with costs.