Gresham vs. Thum.

CASE 21————————DECEMBER 29.

## Gresham vs. Thum.

APPEAL FROM JEFFERSON CIRCUIT COURT.

Although, after the execution and return of a writ of possession, upon a judgment for the recovery of real estate, an *alias* writ cannot issue, yet to satisfy the judgment there must be a thorough and complete execution of the writ. The delivery of possession must be effectual and not merely formal. To turn out the defendant and put in the plaintiff under circumstances which indicate beyond reasonable doubt that the latter cannot remain in possession even for a day without imminent peril of great personal injury, or perhaps loss of life, but must, to avoid such hazard, immediately abandon the possession and give way to the defendant, who stands ready to re-enter, and in point of fact does re-enter on the same day, is not a complete and effectual execution of the writ. In such a case an *alias* writ of possession should be awarded.

BOONE & PENNEBAKER, for appellant, cited 2 *Dana*, 52; 7 *J. J. Mar.*, 43.

HELM & BRUCE, for appellee, cited 4 *Comyn's Digest*, title *Execution*, (*A*. 5,) *page* 115, *and cases there cited; Remmington on Ejectment*, (*edition of* 1806,) *page* 435; *Adams on Ejectment*, 413; 11 *Wendell*, 182.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

There can be no doubt that after the execution and return of a writ of possession, upon a judgment for the recovery of real estate, an *alias* writ cannot issue. The execution of the writ is a satisfaction of the judgment; and, for an entry upon the premises, after they have been delivered to the plaintiff in the writ, he must proceed by warrant for forcible entry, or other appropriate action, for redress. He cannot have an *alias* writ upon his former judgment; for that has been satisfied by delivery of the possession under the previous writ.

But to satisfy the judgment there must be a thorough and complete execution of the writ. The delivery of possession thereunder must be effectual and not merely formal. To turn out the defendant and put in the plaintiff, under circumstances which indicate beyond reasonable doubt that the latter cannot remain in possession, even for a day, without imminent peril

of great personal injury, or perhaps loss of life, but must, to avoid such hazard, immediately abandon the possession, and give way to the defendant, who stands ready to re-enter and, in point of fact, does re-enter on the same day, is not, in our opinion, a complete and effectual execution of the writ.

The delivery of possession under such circumstances is merely formal. It is, in fact, no satisfaction of the judgment—no execution of the writ. And upon the disclosure of such a state of case, we do not hesitate to say that a court should, in vindication of itself and its authority and judgments, instantly award an *alias* writ, even though the sheriff may have improperly returned the previous writ executed.

The authorities fully sustain this view. It is said in *Remmington on Ejectment*, (*page*, 435,) that "if the officer be disturbed in the execution of the writ, on affidavit of the fact the court will grant an attachment against a party, whether he be the defendant or a stranger. The writ being the process of the court, any disturbance to the execution of it is a contempt of the court from whence it issued, and as such will be punished. The process, it should be observed, is not understood to be executed, nor the execution complete, until the sheriff and his officers are gone, and the plaintiff left *in full and quiet possession*."

The same principle is asserted in *Adams on Ejectment*, *page*, 413. And in *Comyn's Digest*, (*vol.* 4, *page*, 223,) it is laid down, that if an *habere facias possessionem* be executed, and, before the return and filing the defendant re-enters, a new *habere facias* shall issue. And, further, that till possession is completely given, and the bailiffs withdrawn, the execution *is not complete*.

The cases of *Dent vs. Simmons*, (7 *J. J. Marshall*, 42,) and *Fowler vs. Currie*, (2 *Dana*, 52,) are not at all opposed to the principle stated. In each of those cases it seems that the writ of *habere facias* had been fully executed and returned. No question was made as to that fact, and hence the court very properly said that in such case an *alias* writ should not go.

Here the facts, which we need not mention in detail, show beyond all doubt, that, although the sheriff did *formally* put appellee's agent in possession of the premises, he, himself, was satisfied, from the demonstrations made by the mob, that he

could not safely hold it, but would be turned out, and appellant again put in. And, furthermore, that the appellee, as well as his agent, was threatened with personal harm if he did not leave, and was compelled, in order to avoid such harm, to vacate the premises, which were immediately re-entered by appellant.

It cannot be doubted, from all the facts, that these threats of personal violence to appellee and his agent, were instigated by and through the agency of appellant and his friends, and for the purpose of enabling him to re-enter, which he did on the same day that the sheriff says he executed the writ. Besides, the writ was not returned to the office, although endorsed executed.

In our opinion, the circuit judge, upon this state of fact very properly awarded an *alias* writ of possession, and his judgment is, therefore, *affirmed.*