JAMES WALWORTH & others *vs.* JEFFREY R. BRACKETT & another.

If one only of three persons named as corporators in an act of the legislature in 1859, incorporating them and their " associates," called a meeting of " the subscribers to the capital stock," in January 1860, " for the purpose of organizing and electing the necessary officers," and the two others made no objection to this proceeding nor ever any claim to the exercise of the corporate powers, the organization of the corporation effected at the meeting, if otherwise sufficient, is valid, except as against the Commonwealth, notwithstanding the St. of 1855, *c.* 140, and although those two refused to join in the call, and did not attend the meeting, nor participate in the organization, nor request or authorize the association of any of the persons acting therein, and there were no subscribers to the capital stock before the act of incorporation.

CONTRACT, with two counts; the first on an account annexed for labor and materials; the second alleging that the defendants (Jeffrey R. Brackett and George Snell) represented themselves to be agents of a corporation called the Boston Mechanical Bakery Company, and so induced the plaintiffs to perform the labor and furnish the materials on the credit of said supposed corporation, when in fact it had no legal existence, whereby the defendants became themselves liable to the plaintiffs. The defendants answered severally, denying the plaintiffs' allegations except concerning the legal existence of the corporation, as to which they declared themselves ignorant.

Trial in the superior court before *Brigham*, J., who made a report thereof, the material parts of which were as follows :

" By the St. of 1859, *c.* 141, Joseph G. Russell, William B. Phelps, and Augustus O. Brewster, their associates and successors, were made a corporation under the above-mentioned name for the purpose of manufacturing bread. The first meeting was called by a notice which did not purport to be signed by either of the persons named in the act except Brewster, but was signed by him as ' one of the incorporators' and requested ' the subscribers to the capital stock' of the company to meet on January 3, 1860, ' for the purpose of organizing and electing the necessary officers.' Under that notice a meeting was held and votes were passed accepting the act and assuming to organize the corporation ; and officers were chosen, by-laws adopted, the

amount of capital determined, and the number and par value of the shares established; and the capital so established has been paid in, and certificates of shares issued accordingly. The defendants were declared to have been elected as officers of the company; said Brackett treasurer, and said Snell a director. The persons chosen as officers, supposing themselves legally chosen and the organization of the company to be legal and unquestionable, proceeded to act in their respective supposed capacities, and contracted with the plaintiffs for the labor and materials described in their declaration, all of which they furnished and delivered on the credit of said corporation and not to the defendants personally or on their personal credit.

" The plaintiffs also offered to prove that there were no subscribers to stock prior to the date of the act of incorporation; and that Russell and Phelps, who were named in the act, did not consent to the call of the first meeting, but, upon being requested, refused to join therein, and did not attend said meeting nor participate in the organization of the company, and that none of the persons acting became associated therein at the request or by the authority of said Russell or Phelps ; but it did not appear, and was not contended by the plaintiffs, that Russell or Phelps took any measures or gave any public notice for the purpose of preventing the proposed organization, or made any attempt to have any separate or other organization.

" The plaintiffs contended that, as the notice under which the first meeting was called was not, and did not purport to be, subscribed by a majority of the persons named in the act of incorporation, and as there were no subscribers to stock prior to the date of the act, and, as two of the persons named in the act did not participate in the organization of the company, but refused to do so, the meeting was illegally held, the proceedings at the same were without legal effect, and, therefore, the organization was void, and the corporation had no legal existence, and the defendants were not its officers or agents.

" But the judge ruled that the organization of the company was not fatally defective, or invalid; that said corporation has a legal existence; and that the evidence proposed to be offered

Walworth & others *v.* Brackett & another.

by the plaintiffs was immaterial or inadmissible; and therefore directed the jury to find a verdict for the defendants. If, on the foregoing facts, including those which the plaintiffs offered to prove, the plaintiffs, upon any amendment of their declaration, or in any form of action at law, are entitled to recover of the defendants, then the verdict is to be set aside and a new trial ordered, otherwise judgment on the verdict."

*C. F. Choate*, for the plaintiffs.

*E. Merwin*, for the defendants.

HOAR, J. The court are all of opinion that this case is settled by the decision given in the case of *Newcomb* v. *Reed*, 12 Allen, 362. The only circumstances which now appear, different from those which were the basis of that decision, are these: that the plaintiffs offered to show that two of the persons named in the act of incorporation did not consent to the call of the first meeting; but, upon being requested, refused to join therein; and did not attend said meeting nor participate in the organization of the company; that none of the persons acting became associated therein at their request or by their authority; and that there were no subscribers to the stock of the company previous to the date of the act of incorporation.

But the fact remains that there was an act of incorporation by the legislature; that the first meeting was called, though not in the mode directed by the statute, (St. 1855, *c.* 140,) by one of the persons named in the act as a corporator; and consisted of the persons associated with him, by his consent, and with the acquiescence of the other named corporators, in taking the stock. That there were no subscribers to the stock of the company previous to the date of the act of incorporation does not show that there were not such subscribers before the call for the first meeting was issued; and, as it does not appear that the two persons named in the act of incorporation who refused to participate in the organization made any objection to their associate's proceeding without them, or made any claim to the exercise of the corporate powers, either at that time or subsequently, it is to be inferred that the subscribers to the stock undertook to organize the corporation with their assent, although not by their authority.

As against all persons but the Commonwealth, therefore, and the two persons named as corporators who refused to join, if they had chosen to assert an adverse right, the organization seems to be valid. Until the organization of the corporation, as there were no subscribers to stock before the date of the act of incorporation, the persons named in the act were entitled to hold the franchise, and control the organization. St. 1855, *c.* 140. All these persons had notice that an organization was intended, and two of them refused to join. But it is still true, as was said in the opinion in *Newcomb* v. *Reed,* that "all of them who desired to do so have accepted the act, organized under it, issued stock, elected officers who have acted and served in that capacity, carried on business, contracted debts, and exercised all the functions of corporate existence. It is therefore too late to deny that the corporation ever had any legal existence."

*Judgment for the defendants on the verdict.*