ISAIAH F. McCLINCH in equity *vs.* IRA D. STURGIS and others.

Kennebec.    Opinion June 4, 1881.

*Corporations.    Charter.    Presumption.*

The provision of a state constitution, that, when a bill is presented for an act of incorporation, it shall be continued till another election of members of the assembly shall have taken place, and public notice of the pendency thereof is given, is directory to the assembly, and, in the absence of any clause forbidding the enactment without observing the directions, does not affect the corporators, unless the state itself intervenes.

In the granting of a charter by a state legislature, the presumption is, that all the requirements of law, preliminary in their character, have been complied with, when there is no evidence to the contrary.

The organization of a corporation is not defective because a notice of the first meeting is not served upon each corporator in accordance with the law of the state, when it appears that the powers conferred by the charter have been assumed by the persons by whom it was intended they should be enjoyed.

BILL IN EQUITY, heard on bill, answers and proof.

This was a bill in equity in which the plaintiff alleges, that in 1865, he entered into an association with the defendants for the purpose of working mines in Idaho; that they each agreed to contribute different sums, named, and to divide the profits and losses in proportion to such contributions.    That the defendants have, none of them, fully paid the sums which they severally agreed to contribute and pay; that the plaintiff has paid by labor and expenditures in behalf of the association, a sum amounting to twenty-two hundred and ninety-eight dollars and ninety-two cents, in excess of the sum which he agreed to contribute and pay, and he asks for a settlement of the affairs of the association, and that the defendants be required to pay in such sums as such settlement may indicate, the amount of his bill.

The answers generally admit that a voluntary association was thus formed for the purposes stated, but set forth that it was merged into a corporation, and that plaintiff's contract was with that corporation.    That the plaintiff recognized the corporation

by participating in its meetings, taking and holding its stock, and suing it in a suit at law for the sums stated in the bill.

The following papers appear in the case.

(Agreement.)

"Memorandum of an agreement this day made between William T. Libby of Vassalborough, Maine, on the first part, and Samuel Cony of Augusta, in said State, and Albert Dailey of Providence, Rhode Island, on the second part, witnesseth:

"That the said Libby, having secured in Centreville Precinct, Boisse county, in the territory of Idaho, upon a silver and gold lode, two contiguous miners' claims, two hundred feet in length each, one by the right of discovery and one by that of location, and having staked them out and had them recorded according to the laws of said territory so as to secure the right thereto, for a valuable consideration to him paid, hereby contracts and binds himself and his legal representatives to convey said claims and the rights and interest secured therein and thereby to the said Cony and Dailey, to be held by them in trust for the use and benefit of the persons and stockholders, and in the proportions hereinafter appearing.

"When an act of incorporation shall be obtained, and an organization of said parties as stockholders under it shall be effected, then said trustees shall convey to said corporation (now proposed to be called the 'Northern Mining Company') all the right, claim and interest they shall have acquired to said mining claims and to any and all other property connected with or purchased for the expedition being fitted out to work said claims, to said corporation when organized as aforesaid. And said corporation shall then divide its capital stock into three hundred shares of the par value of one hundred dollars each, and shall issue its certificates of stock to said parties, stockholders, in the proportions subscribed and paid for by them, respectively, to wit:

"Albert Dailey, $3,000; Wm. B. Pearce, $2,000; Caleb Seagrave, $2,500; Benj. F. Almy, $2,500; Samuel Cony, $2,000; Henry R. Smith, $2,000; Joseph J. Eveleth, $1,000; Ira D. Sturgis, $3,000; [Isaiah] Frank McClinch, $1,000; George B.

McClinch, $1,000 ; Henry S. Osgood, $1,000 ; Jos. H. Manley, $1,000 ; Dan'l A. Cony, $1,000 ; William T. Libby, $7,000 ; Total, $30,000.00."

\*  \*  \*  \*  \*  \*  \*

Dated March 29, 1865.

(Charter.)

"State of Rhode Island, &c.  In General Assembly, May session, A. D. 1865.  An act to incorporate the Northern Mining Company.  It is enacted by the general assembly, as follows :

"Sec. 1.  Albert Dailey, William B. Pearce, Caleb Seagrave, Benjamin F. Almy, Ira D. Sturgis, J. J. Eveleth, William T. Libby, their associates, successors and assigns, are hereby constituted and created a body politic and corporate, with perpetual succession, by the name of the 'Northern Mining Company,' for the purpose of mining, holding and trading in minerals and coal, in any lands which they may at any time own in fee simple, or possess by lease, or which they may acquire the right to use for mining purposes, and for the transaction of all other business connected therewith or incidental thereto ; to make, have, and use a common seal, and the same to break, alter, and renew at pleasure ; with all the powers and privileges, and subject to all the duties and liabilities set forth in c. 125 and 128, of the R. S., and of any acts in amendment thereof or in addition thereto.

"Sec. 2.  The capital stock of said corporation shall consist of three hundred shares, of the par value of one hundred dollars each.  Said shares shall be deemed personal estate, and shall be issued, signed and transferred in such manner as the by-laws of said corporation shall provide.  The stock or shares of each and every stockholder, shall be pledged and held liable for all debts and demands due and owing from him to said corporation, whether the same be overdue or due at a day future, and whether the same shall arise from installments, assessments, or from any other contract originally made with said corporation or its agents ; and said stock or shares may be sold for the payment of such debts and demands in such manner as the by-laws of the corporation may prescribe ; and in case the proceeds of such sale shall be insufficient to pay and discharge said debts or demands, with in-

cidental expenses of sale, the corporation may have their action against the debtor for the balance due.

"Sec. 3. There shall be an annual meeting of the stockholders, holden at the city of Providence, at such time as the by-laws shall prescribe, for the choice of officers and for the transaction of such other business as may come before them; but the validity of this act shall not be impaired by the failure to hold such annual meeting, but the business of such meeting may be transacted at any legal meeting of the corporation held thereafter.

"Sec. 4. Said corporation shall have a counting room and place of business in the city of Providence, and in all proceedings in law or equity in which said corporation shall be a party the leaving an attested copy of the writ, summons or other process, with the clerk, agent or treasurer of said corporation, or at such place of business shall be of sufficient service thereof.

"I certify the foregoing to be a true copy of 'an act to incorporate the Northern Mining Company,' passed by the general assembly of the state of Rhode Island, June 8, 1865.

"In testimony whereof I have hereunto set my hand and affixed the seal of the State aforesaid, this thirteenth day of January, A. D. 1879.

[L. S.]                  JOSHUA M. ADDEMAN,
                               Secretary of State."
             (Record of organization.)

"Office of Albert Dailey & Co. in the city of Providence, July 28, 1865.

"Pursuant to the following notice delivered to *such corporation*, seven days prior to this date, viz:

"Providence, July, 1865. Dear Sir: The first meeting of the corporators named in the act of incorporation of the 'Northern Mining Company,' for the purpose of accepting the charter, electing associates, preparing by-laws, electing officers and any other business that may be proper and necessary to transact, will be held at the counting room of Messrs. Albert Dailey & Company, number 166 Dyer street, in the city of Providence, and State of Rhode Island, on July the 28, at ten o'clock, A. M.

      Very truly yours, etc.

         (Signed.)                 ALBERT DAILEY.
            One of the corporators named in the charter."

"The following corporators being assembled, Ira D. Sturgis, Samuel Thurbur, Albert Dailey, and William B. Pearce, the meeting was called to order by Albert Dailey, and thereupon Ira D. Sturgis was elected chairman of the meeting and Albert Dailey, secretary, who was duly sworn:

"*Motion.* Upon motion of W. B. Pearce, the act of incorporation of the 'Northern Mining Company' passed at the June session of the general assembly was unanimously accepted.

"*Motion.* Upon motion of Samuel Thurbur the following parties were unanimously elected associates of the corporators, viz: Samuel Cony, D. A. Cony, H. R. Smith, I. F. McClinch, George McClinch, H. S. Osgood, J. H. Manley, Samuel Turbur, J. M. Haynes and Jas. W. Bradbury.

"*Motion.* Albert Dailey presented a draft of by-laws, and moved their adoption as the by-laws of the company. Whereupon they were taken up and read by article, and unanimously adopted, as follows:

\*        \*        \*        \*        \*        \*        \*

" *Vote.* It was then voted, upon motion of Albert Dailey, to proceed to the election of officers by *viva voce* vote, whereupon the following persons were elected to constitute a board of directors, viz: Samuel Cony, Ira D. Sturgis, Albert Dailey, Caleb Seagrave. Elected unanimously.

" "Samuel Cony was elected president, J. J. Eveleth was elected treasurer and secretary, and W. T. Libby was elected general agent at Idaho.

Attest:                    ALBERT DAILEY, Secretary."

(Record of action *McClinch* v. *Northern Mining Company.*)

" "State of Maine.   Kennebec ss.   At the Supreme Judicial Court begun and holden at Augusta, within and for the county of Kennebec, on the first Tuesday of August, being the fourth day of said month, anno domini, 1874.

"By the Hon. CHARLES DANFORTH, one of the justices of said Court.

" 268. *Isaiah F. McClinch*, of Hallowell, in said county, plaintiff, v. *The Northern Mining Company*, a corporation duly established by law, having their office in said Augusta, defendant:

In a plea of the case as per writ on file, dated June 25, 1872. Date of service, July 1, 1872. To the damage of the said plaintiff (as he says) the sum of four thousand dollars.

"This action was commenced for and entered at the August term of this court, in this county, A. D. 1872, when and where the defendant appeared by his attorney. Thence the action was continued from term to term, to the March term, 1874, when and where the defendant although solemnly called, etc. did not appear, but made default. Thence the action was continued for judgment (as per agreement on file) to this term.

"It is therefore considered by the court here, that said plaintiff recover against the said defendant the sum of two thousand ninety dollars and twenty-one cents damages, and cost of suit taxed at $28.15.

"Execution issued Dec. 9, 1874.

        Attest:                Wм. M. STRATTON, Clerk."

"Supreme Judicial Court, Kennebec county, March term, 1874.

*I. F. McClinch* v. *Northern Mining Company.*

| | | |
|---|---|---|
| Plaintiff's account in writ, | Dr. | $3,114.74 |
| | Cr. | $1,425.50 |
| | | |
| | | $1,689.24 |
| Cr. 1st assessment omitted, | | 250.00 |
| | | |
| | | $1,439.24 |
| Add for interest, | | 600.00 |
| | | |
| | | $2,039.24 |

"It is agreed as follows: Defendants to be defaulted, and case continued for judgment. Judgment for $2,039, of which suit the defendants agree to pay the plaintiff $1,200 and interest from this date; and the balance of the judgment is to stand to protect the plaintiff by offset or otherwise against any further assessments besides the two that are credited on his account and is not to be

otherwise enforced against the company or its members. Any other assessments may be credited and allowed thereon.

" A. LIBBEY for plaintiff.

BRADBURY & BRADBURY for defendant.

| 1st assessment, | $250.00. |
| 2d assessment, | $333.33." |

*Daniel C. Robinson,* for the plaintiff.

1. The defendants failed to incorporate themselves by non-compliance with laws. Const. R. I. § 17, Art. 4; An. & A. on Corporations, 454; Laws of R. I. 1857, c. 2, § 8; c. 125, § 3; c. 128; Public Laws of R. I. 1863, c. 475, § 1; c. 485, § 1; c. 504.

And because the required notice was not delivered to corporators. And because Thurbur, who was not a corporator, was allowed to act at the meeting. They are liable therefore as individuals; and whether incorporated or not, thus liable for what occurred before.

II. The alleged suits against the supposed corporation are not pleaded as an estoppel. They do not estop. It does not appear that the plaintiff intended to levy suit against the persons named as defendants. Some of the parties plead the statute of limitations, but plaintiff did not voluntarily lie by until his claim was stale.

In equity the statute is not to be applied in a way to promote injustice. Story's Com. § § 1521, 1522, 1524; Angell on Limitations, § 30; *Lawrence* v. *Rokes,* 61 Maine, 38; *Robinson* v. *Robinson,* not reported.

These are familiar doctrines supported by all the authorities.

*J. W. Bradbury* for himself, and *H. W. Bradbury,* administrator, defendants.

*J. Baker* for Osgood, Manley and Cony, defendants, and *W. P. Whitehouse* for Sturgis, Haynes and Thurbur, defendants, cited : *Lawrence* v. *Rokes,* 61 Maine, 42 ; *Denny* v. *Gilman,* 26 Maine, 154 ; *Prop. Bap. M. H.* v. *Webb,* 66 Maine, 398 ; *Reed* v. *Canal Co.* 65 Maine, 132 ; *Chaffin* v. *Cummings,* 37

Maine, 83; *Hersey* v. *Veazie*, 24 Maine, 9; *K. & P. R. R. Co.* v. *P. & K. R. R. Co.* 54 Maine, 180; Field on Corp. § § 483, 493, 407, 125, 55, 385, 386, 452, 455–457; Ang. & Ames on Corp.§ § 774, 777, 312, 599–603; *Burr* v. *Wilcox*, 6 Bosw. 198; *Smith* v. *Poor*, 40 Maine, 422; *Vose* v. *Grant*, 15 Mass. 505; *Lyman* v. *Bonney*, 101 Mass. 562; *Savage* v. *Ball*, 17 N. J. Eq. 142; *Wood* v. *Dummer*, 3 Mason's C. C. 308; *Ireland* v. *Turnpike Co.* 19 Ohio St. 369; R. S., of R. I. c. 125, § § 3, 14; c. 2, § 8; Const. R. I. Art. IV, § 17; *Boom Co.* v. *Lamson*, 16 Maine, 224; *Glass Co.* v. *Dewey*, 16 Mass. 94.

VIRGIN, J. The plaintiff contends that the defendants failed to incorporate themselves in accordance with the constitution and laws of Rhode Island, whence the charter emanated.

There is no doubt but that an act to incorporate the "Northern Mining Company" was passed by the general assembly of Rhode Island, June 8, 1865. This fact is proved by a copy thereof, attested by the secretary of the State. The act itself contains no conditions. Reference is made in the report of the plaintiff's printed evidence to sundry provisions in the constitution and laws of Rhode Island, but none of them are contained in the report.

But assuming that the constitution does provide that when any bill is presented for an act of incorporation like the one in question, it shall be continued till another election of members of the assembly shall have taken place and public notice of the pendency thereof given, it does not necessarily follow that the organization under the charter is not as to all practical purposes valid. The provision is directory to the assembly, and in the absence of any clause forbidding the enactment, does not affect the corporators unless the State itself intervenes. *Whitney* v. *Wyman*, 101 U. S. 392, 397. The State may waive conditions, and so long as the State raises no objection, it is immaterial to other parties whether it is a corporation *de facto* or *de jure*. *Ibid.*

It is further urged that public laws, R. I. 1857, c. 2, § 8 require a certain published notice in a newspaper, printed where the corporation is to be located, and at a time therein specified. The answer is that this provision, being a mere act of the assembly, cannot bind any subsequent session thereof; for the power which

prescribes the formalities to be observed in order to create a corporation, is able to dispense with them. *Black Riv. R. R. Co.* v. *Barnard*, 31 Barb. (N. Y.) 258. Moreover there is no evidence in this case that all these provisions have not literally been complied with. On the contrary, being preliminary in their character the presumption is that they were. *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 287 ; *Penobscot Boom Corp.* v. *Lamson*, 16 Maine, 224, 230. At any rate we cannot presume that the general assembly and governor acted in contravention of the constitution and laws of the State.

It is also urged that the public laws of 1863, R. I., c. 475, prohibits this charter " taking effect until the persons therein incorporated shall have paid to the general treasurer the sum of $100." This, however, is a matter between the State of Rhode Island and the corporators. Whether the sum was paid or not the case does not disclose. The presumption is that it was. Moreover we have the high authority of the Supreme Court of that State, for declaring that the statute last named was repealed by Gen. Stat. R. I. c. 261, § 12 ; and that the charter, although enacted while the repealed statute was in force, is not for that reason invalid. *Hughesdale Manf Co.* v. *Vanner*, 12 R. I. 491.

It is further contended that the proper notice for the first meeting of the corporators was not served upon "each corporator" as is required by stat. R. I. c. 125, § 3. Whether there is such a statute, does not appear. But assuming there is, the organization is not defective for that reason. *Newcomb* v. *Reed*, 12 Allen, 364 ; *Walworth* v. *Brackett*, 98 Mass. 98, 100 ; *Ossipee H. & W. Manf. Co.* v. *Canny*, 54 N. H. 295–312, and cases there cited.

It appears by the record of that meeting that it was held at the "office of Albert Dailey & Co. in the city of Providence, July 28, 1865." The notice is formally recorded. No objection is made to its form. It is addressed "Dear Sir." The record recites (as printed) : "Pursuant to the following notice delivered to '*such* corporation,' seven days prior to this date, viz." etc. Now it is evident that the words "such corporation" are a misprint, for "each corporator" or that the person who wrote them

into the record from the minutes of the secretary made the error. But assuming the record as printed is according to the fact, and still the authorities last cited uphold the organization as against this objection. "There is no question," says HOAR, J. in *Newcomb* v. *Reed, supra,* "that the corporate powers which it (charter) conferred were assumed by the persons by whom it was intended they should be enjoyed, so far as they chose to avail themselves of them. The organization was not strictly regular, but can hardly be considered even as defective. . . "It (statute) is directory merely, and only designed to secure the rights conferred by the charter to those to whom it was granted, among themselves, by providing an orderly method of organization. . . The evidence was ample to show that the persons named in the act of incorporation with their associates, or at least all of them who desired to do so, have accepted the act, organized under it, issued stock, elected officers who have acted and served in that capacity, carried on business, contracted debts, and exercised all the functions of corporate existence. It is therefore too late to deny that the corporation never had a legal existence."

Say the court in *Ossipee H. & W. Manf. Co.* v. *Canny, supra,* "If neither the grantors of the charter (*i. e.* the State), nor any of the grantees complained of the defect in the preliminary notice, it would seem that the objection could not be subsequently raised by this defendant who has taken stock in the corporation thereby recognizing the corporate existence and manifesting the purpose to participate in the profits thereof." See also *Whitney* v. *Wyman,* 101 U. S. 392, 397 and cases cited.

These cases are applicable to the case at bar. To be sure the plaintiff was not one of the corporators, but he was elected an associate at the first meeting, was present when the articles of association were drawn, must have known their contents and that they were but preliminary to an act of incorporation. And after his return and he had learned all the facts, he sued the "Northern Mining Co." alleging in his writ that it was a "corporation duly established by law, having its office in Augusta," recovered judg-

ment and made a valid contract in relation thereto upon the docket.

We fail to perceive how he can now expect to establish the non-existence of the corporation. If the corporation is established this bill cannot be sustained. Whether he might maintain a creditor's bill and secure his claim against such of the stockholders as have not paid for their stock, if there be any such, we have no occasion to inquire under this bill.

*Bill dismissed with costs.*

APPLETON, C. J., WALTON, PETERS and SYMONDS, JJ., concurred. LIBBEY, J., did not sit.