# Harrison *v.* Gordy, Judge, &c.

*Appeal from Order refusing Mandamus.*

1. *Constitutional law; what within legislative authority.*—The legislature may, by a special or local act, prohibit the sale of vinous or spirituous liquor within a town and territory adjacent thereto.

2. *Local law; presumptions indulged in favor of.*—In the absence of

[Harrison v. Gordy, Judge, &c.]

something showing to the contrary in the journals, it will be presumed that proper evidence of the notice required by the Constitution was exhibited to the General Assembly, before it passed a special or local law.

3. *Same.*—The journal showed that, "on the call of counties, bills were introduced: By Mr. Stribling, (with notice, &c.)—H. B. 271—To prohibit sale of vinous or spirituous liquor within four miles of court-house at St. Stephens, in Washington county." The bill, as amended and passed, forbade such sales within eight miles of the town.

*Held:* These recitals of the journal did not show, or justify the inference, that the notice given of intention to apply for the passage of the act, was of a law prohibiting such sales within four miles only of the town.

4. "*Original purpose*" of bill; what not change of, within meaning of section 19, Article IV, of Constitution.—Amending a bill introduced to prohibit sales of liquor within *four* miles of a town, so that upon its passage it became a law forbidding such sales within *eight* miles, does not "change its original purpose," within the meaning of section 19, Article IV, of the Constitution.

APPEAL from Circuit Court of Washington.

Tried before Hon. H. T. TOULMIN.

The appellant, Harrison, applied to the Circuit Court for mandamus to compel Gordy, probate judge of Washington county, to issue to petitioner "a license to retail vinous or spirituous liquors at the town of St. Stephens, in said county, and within eight miles of the court-house at St. Stephens." The probate judge refused, on the sole ground that since the passage of the "act to prohibit the sale of vinous or spirituous liquors within eight miles of the court-house at St. Stephens, in Washington county," approved February 26th, 1876, he had no legal right or authority to issue the license; the application therefor, having been made after the passage of the act.

The appellant introduced in evidence the journal of the House of Representatives, in which the bill originated, and read certain extracts therefrom, which are given in the opinion.

The Circuit Court refused the petition, and Harrison having excepted, brings the case here by appeal, and assigns its action as error.

THOMAS H. PRICE, for appellant.

STONE, J.—To maintain the present appeal, it is necessary for the appellant to show that the act "to prohibit the sale of vinous or spirituous liquors within eight miles of the court-house of St. Stephens, in Washington county," approved February 22d, 1876, is unconstitutional.—See Pamph. Acts, 336. That such legislation is within the purview of general legislative authority, is fully established by

the very able and exhaustive opinion in *Dorman v. The State*, 34 Ala. 216; Cooley Cons. Lim. 168, *et seq.* 2. The particular objection urged against the constitutionality of the present statute is, that it is a local law, and that it violates section 24, Article IV, of the Constitution of 1875, which declares that "no local or special law shall be passed, on any subject which can not be provided for by a general law, unless notice of the intention to apply therefor shall have been published in the locality where the matter or things to be affected may be situated; which notice shall be at least twenty days prior to the introduction into the General Assembly of such bill, and the evidence of such notice having been given, shall be exhibited to the General Assembly before such bill shall be passed." When a local or special law is enacted, what intendments is it our duty to indulge? Must the journal show that the required notice was given, or must we presume that the General Assembly did its duty, and had before it "evidence of such notice having been given?"

In Cooley Cons. Lim. 183, it is said: "The constitutionality of a law is to be presumed, because the legislature, which was first required to pass upon the question, acting, as they must be deemed to have acted, with integrity, and with a just desire to keep within the restrictions laid by the Constitution upon their action, have adjudged that it is so. They are a co-ordinate department of the government with the judiciary, invested with very high and responsible duties, as to some of which their acts are not subject to judicial scrutiny, and they legislate under the solemnity of an official oath, which it is not to be supposed they will disregard. It must, therefore, be supposed that their own doubts of the constitutionality of their action have been deliberately solved in its favor, so that the courts may with some confidence repose upon their conclusion as one based upon their judgment."

In *People v. Supervisors of Orange*, 17 N. Y. 241, it was said: "Before proceeding to annul, by judicial sentence, what has been enacted by the law-making power, it should clearly appear that the act can not be supported by any reasonable intendment or allowable presumption."

Speaking of another constitutional direction in the matter of enacting laws, not distinguishable in principle from the present one, Cooley, on page 139, said: "The journals which each house keeps of its proceedings ought to show whether this rule is complied with or not; but in case they do not,

the passage in the 'manner provided by the Constitution must be presumed in accordance with the general rule which presumes the proper discharge of official duty."

Governed by the rules above declared, we think it is our duty to indulge the intendment that the legislature conformed to every constitutional requirement, which the journal of its proceedings does not affirmatively show was disregarded. The precise point made in this case is, that the journal shows that the notice given in the present case was, of intention to apply for an act prohibiting the sale of vinous or spirituous liquors within *four* miles of the courthouse at St. Stephens; and that no notice was given of intention to apply for such legislative prohibition within *eight* miles of that place. The language of the House journal, showing the introduction of the bill, is as follows:

January 25, 1876. "On the call of the counties, bills were introduced: By Mr. Stribling, (with notice, &c.)— H. B. 271—To prohibit the sale of vinous or spirituous liquors within four miles of the court-house at St. Stephens, in Washington county."

The following language is shown on the House journal of the next day:

"Bills on second reading. The bill—H. B. 271—to prohibit the sale of vinous or spirituous liquors within four miles of the court-house at St. Stephens, in Washington county, was read the second time. Mr. Stribling moved to amend as follows: strike out the words 'four miles,' where they occur in section 1, and insert 'eight miles;' and also strike out the word 'twenty,' in the ninth line, section 2,. and insert 'fifty' in lieu of it. The amendments were severally adopted, and the bill referred to the committee on temperance."

The foregoing is all that is said in the journal of either house, material to the question we are considering.

It is contended that inasmuch as the bill, when introduced, asked for a prohibition within an area whose radius was only four miles, that that was the extent of territory of which notice was given. We can not assent to this. It is perfectly consistent with all that is shown in the journal, that the notice embraced the larger area; and we are bound to so presume, rather than that the legislature disregarded its sworn constitutional duty. We must uphold a legislative enactment, having the form of law, until its unconstitutionality is clearly shown.—Cooley Cons. Lim. 182–3; *Sadler v. Langham*, 34 Ala. 311.

[Peeples v. Stolla; Stolla v. Peeples.]

3. It is also contended that the act we are considering violates section 19, Article IV, of the Constitution. In *The State, ex rel. v. Buckley*, 54 Ala. 650, we construed this section, and laid down rules for its interpretation, which show clearly that the act we are construing does not offend its provisions.—See, also, Cooley Cons. Lim. 139; Bush Law and Prac. of Leg. Assemblies, § 2203.

The judgment of the Circuit Court is affirmed, and the writ of mandamus refused.