# Donnelly *v.* The State.

$$\frac{78}{129} \quad \frac{453}{22}$$

## *Indictment for Larceny of Hog.*

1. *Misnomer.*—The variance between the names *Donnelly* and *Donly* is not, as matter of law, sufficient to support a plea in abatement on the ground of a misnomer.

2. *Husband and wife as witnesses for each other.*—On principles of public policy, the wife is not a competent witness for her husband, when on trial in a criminal prosecution, although the defendant is now allowed to testify for himself.

3. *Constitutionality of statute, as affected by variance between enrolled and engrossed bill, as shown by legislative journals.*—The statute approved February 17th, 1885, providing for the organization of juries, and excepting from its operation certain named counties (Sess. Acts 1884-5, p. 181), is valid and operative in Colbert county, notwithstanding a variance between the enrolled bill, as signed by the presiding officers and approved, and the bill shown by the legislative journals to have been passed, by the insertion of Clay among the excepted counties.

FROM the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

The indictment in this case charged that William *Donnelly* feloniously took and carried away a hog, the property of Salem Hampton. The indictment was found by a grand jury organized under the provisions of the act approved February 17th, 1885.—Sess. Acts 1884-5, pp. 181-86. The defendant moved the court to quash the indictment, on the ground that the said statute was unconstitutional, on account of a variance between the enrolled bill, which received the executive approval, and the bill which actually passed the two houses of the General Assembly, as shown by the legislative journals, which were read in evidence. The court overruled the motion, and the defendant excepted. The defendant then filed a plea in abatement on the ground of a misnomer, alleging that his name was, and always had been, William *Donly*, and not *Donnelly;* to which plea the court sustained a demurrer, holding that the two names were *idem sonans.* On the trial, as the bill of exceptions shows, the State introduced one Jack Bolling as a witness, who testified, in substance, that he and the defendant killed the hog, and hid the carcass in the woods until night, when they cleaned and divided it, each taking one half; that on the next day, hearing that a search-warrant had been sued out for the hog, he went with the defendant to his house, where the defendant's wife handed to them, through the

[Donnelly v. The State.]

window, a bag containing the remnant of the meat, and they thereupon carried it away and buried it in a field. Another witness for the State, who lived in a room adjoining the defendant's house, testified that she saw the defendant's wife hand a bag containing something through the window to the defendant and said Jack Bolling. The defendant then offered his own wife as a witness, and proposed to prove by her that she had not handed a bag out of the window to her husband and Jack Bolling, and that they had not had any fresh pork at the house at or about the time referred to. On objection by the State, the court held the witness incompetent, and refused to let her testify as proposed; and the defendant excepted.

J. B. MOORE, JAS. JACKSON, E. B. ALMAN, and J. H. NATHAN, for the appellant, cited *Humphrey v. Whitten*, 17 Ala. 30; *Lawrence v. The State*, 59 Ala. 61; *Chapman v. Holding*, 60 Ala. 533; *Lang v. Waters*, 47 Ala. 624; *Tucker v. The State*, 71 Ala. 342; *Gordon, Rankin & Co. v. Tweedy*, 71 Ala. 202; *People v. Hovey*, 92 N. Y. 554; *United States v. Guitteau*, 1 Mackey, D. C. 498.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—1. We can not say that the demurrer to the defendant's plea of misnomer was improperly sustained. It does not appear, as matter of law, that the names of *Donly* and *Donnelly* can not be correctly pronounced so as to be *idem sonans*. The rapid pronunciation of the second of these names may render the letter *e* silent, so as to make the alleged variance immaterial. This court has decided many supposed variances, quite as material, to be insufficient to support a plea in abatement.—*Edmundson's Case*, 17 Ala. 179; *Gresham v. Walker*, 10 Ala. 370; *Block v. The State*, 66 Ala. 493; *Aaron v. The State*, 37 Ala. 106; *Ward v. The State*, 28 Ala. 53; Wharton's Cr. Ev. (8th Ed.) § 96.

2. The wife of the defendant was not a competent witness for him on the trial. The precise point was decided at the present term in *Birge v. The State* (*ante*, p. 435), where we held that her inadmissibility was based upon reasons of public and social policy, and was not affected in any manner by the recent statute authorizing defendants in criminal cases to be examined as witnesses in their own behalf.—See, also, *Woods v. The State*, 76 Ala. 35; Wharton's Cr. Ev. (8th Ed.) § 400.

3. The questions raised in this case as to the alleged irregularities in the organization of the grand jury which found the indictment, and the supposed unconstitutionality of the act of February 17, 1885 (Acts 1884–85, p. 181), under which this

[Ward v. The State.]

body was organized, are the same as those raised in the case of *Abernathy v. The State*, at the present term; *ante*, p. 411. They were there decided adversely to the views urged by the appellant's counsel.

We have examined the rulings of the court on the evidence, and are of opinion that they are free from error.

Affirmed.