(77 South. 35)

THOMAS, Clerk of Circuit Court, v. STATE ex rel. ARMSTRONG. (3 Div. 298.)

(Supreme Court of Alabama. June 7, 1917. On Rehearing, Oct. 2, 1917.)

1. CLERKS OF COURTS ⬥2—COUNTY COURTS—STATUTE.

Loc. Acts 1898–99, p. 1507, providing that the clerk of the circuit court of Conecuh county shall also be clerk of the county court, is repealed by Gen. Acts 1915, p. 862, and therefore the general provision of Code 1907, § 6698, making judges of the county courts clerks of their respective courts, is applicable to such county.

2. STATUTES ⬥64(10)—MATTERS NOT WITHIN TITLE—INVALIDITY IN PART.

Even, if Gen. Acts 1915, p. 865, § 9, subd. 3, to the effect that clerks of circuit courts in certain cases shall be ex officio clerks of the county courts, is void, because not embraced within the title of the act as required by Const. 1901, § 45, it would not invalidate the whole act or invalidate it in so far as it repeals Loc. Acts 1898–99, p. 1507.

3. CLERKS OF COURTS ⬥2—CLERK EX OFFICIO—STATUTES.

Gen. Acts 1915, p. 865, § 9, subd. 3, providing that the clerk of the circuit court shall be ex officio clerk of the county court, applies only to counties having a population of more than 26,000 and less than 26,100 inhabitants; all other counties, not otherwise excepted, being governed by the Code provisions as to clerical duties and functions of the county court.

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Mandamus by the State, on the relation of James Armstrong, against John M. Thomas, as Clerk of Circuit Court of Conecuh County. The writ was granted, and the Clerk appeals. Reversed and rendered on rehearing.

J. S. Stearns, of Evergreen, for appellant. Page & McMillan, of Evergreen, for appellee. N. D. Denson & Sons, of Opelika, amicus curiæ.

MAYFIELD, J. This is a mandamus proceeding, to compel the clerk of the circuit court of Conecuh county to issue subpœnas to witnesses in the county court of Conecuh. The writ was issued by the circuit court, or the direction was that it issue as prayed; and from that decretal order respondent clerk prosecutes this appeal.

The suit is evidently a friendly one, and is intended to secure decision by this court of the question whether the clerk of the circuit court or the judge of the probate court shall perform the clerical duties of the county court of Conecuh. This question is made to depend upon a construction of the general act of September 25, 1915, re-establishing the county courts in the various counties in the state in which such courts had been theretofore abolished or substituted by other courts.

It is insisted by appellant that the local act of 1898–99 (Acts, p. 1507), which authorized and required the clerk of the circuit court of Conecuh county to perform the clerical duties of the county court of such county was repealed by the general act of 1915, above mentioned, and by the provisions of the Criminal Code thereby made applicable to the county court of Conecuh; and that in consequence the probate judge of such county is now required to perform and discharge the duties pertaining to the office of clerk of the county court.

This record contains the following recital, as a part of the agreed statement of facts upon which the circuit court heard and decided the case when presented to that court:

"The sole and only question raised by this record is whether or not the local act of the Legislature of Alabama, 1898–99, page 1507, entitled 'An act to require the clerk of the circuit court of Conecuh county to perform the duties of the clerk of the county court of said county and fixing his fees for such services,' has been repealed, and if the said act has not been repealed, then the said John M. Thomas is clerk of the county court of Conecuh county, Alabama."

We are of the opinion that the circuit court reached the correct conclusion, and that the mandamus was properly awarded. There can be no doubt that if the general act of September 25, 1915 (Acts, p. 862), is valid (and its validity is not now questioned, the question submitted to us for decision being merely one of partial construction), the clerk of the circuit court is ex officio clerk of the county court, and is required to perform and discharge the duties of such office, which include the duties here sought to have performed. While the general act does in terms repeal local and general acts in conflict with its provisions, and thereby in part puts in force the Code provisions of article 3, c. 198, of the Criminal Code, yet it does not have the effect to give force and operation to all the Code provisions which require the probate judge to perform the duties of the clerk of the county court. This is made certain by the fact that the recent general statute (of 1915, p. 865) expressly provides that the clerks of the circuit courts, in the cases mentioned, shall be ex officio clerks of the county courts. So it is immaterial whether the local law for Conecuh county is repealed or not; if repealed, it was, to the extent this proceeding is concerned, re-enacted by the general statute which repealed it. It is never advisable, to decide questions not raised, nor even to discuss them except so far as it is necessary to decide the

question in issue. We therefore refrain from further discussion of the statutes in question, general or local; and from intimating what particular sections of the Criminal Code, embraced in article 3, c. 198, are now in force or not in force, so far as the Conecuh county court is concerned. Construing them all together, we are satisfied that the clerk of the circuit court of Conecuh county is ex officio clerk of the county court of that county, and that he is authorized and required to discharge the clerical and other duties of the position in question.

It results that the mandamus was properly awarded directing him to discharge those duties as prayed in the petition for the writ.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

### On Rehearing.

PER CURIAM. We were in error in holding that the provision of the act of 1915 (page 865), which provides that the clerk of the circuit court shall be ex officio clerk of the county court, applied to the county of Conecuh, and therefore to appellee and appellant respectively. It now appears certain that Conecuh county is not within this provision, and that section 6698 of the Code governs as to that county, and therefore determines the rights and duties of both appellant and appellee as to issuing subpœnas to witnesses in the county court of Conecuh county. This section of the Code reads as follows:

"The judges of the county courts are the clerks of their respective courts, but may, at their own expense, employ a clerk, who may do all acts not judicial in their character."

The probate judge must therefore perform the clerical duties pertaining to the office of the county court in Conecuh county, or, at his own expense, employ a clerk so to do—which ruling, of course, excludes appellant, as clerk, from performing such clerical duties as pertain to the county court of that county.

[1] It therefore follows that the local act of 1898–99, for Conecuh county (page 1507), was repealed by the general act of September 25, 1915 (page 862). The two acts are inconsistent, so far as the questions here involved are concerned, and hence the later act controls. It is true that local laws are not always held to be repealed by a later general law dealing with the same subject; it is only where there is a conflict, and to the extent that there is a conflict, that the prior local law is held to be repealed. We hold, however, that there is and would be a conflict between the two statutes here treated. Both apply to Conecuh county, one providing that the clerk of the circuit court shall be ex officio clerk of the county, and the other, that the probate judge shall be clerk of the court, or shall, at his own expense, employ a clerk. This is a plain conflict, and hence the later enactment prevails. This is made certain, because it appears that

the general act of 1915 did attempt, by express provision, to provide for one county, or class of counties at least; a different system than that provided by section 6698 of the Code; and it was as to this provision that we fell into error—the error of finding that Conecuh county was within the provision.

We feel no doubt that it was the legislative object and purpose to establish a uniform system of county courts throughout the state, as was provided for in article 3, c. 198, of the Code, except in so far as the act itself provided a mode different from that in the Code. This, of course, could not be done except by repealing many local acts, including the local act in question, as for Conecuh county.

We decided a similar question at the last term of this court, in the case of Jones v. Stearns, 76 South. 321,[1] and what was there said, as to the repeal of the local statutes for Conecuh county, as to a solicitor for the county court, is apt as to the local act now in question relating to the clerk of that court.

[2, 3] It is insisted by brief on this application that the provision of the Act of 1915, p. 865, to the effect that clerks of the circuit courts, in certain cases, shall be ex officio clerks of the county courts, is void, because not embraced within the title of the act, and therefore in violation of section 45 of the Constitution. If this should be held to be true, it would not, in our opinion, destroy the validity of the whole act, or any part of the act which applies to the case in hand. The provision in question is subdivision 3 of section 9 of the act, and, if eliminated from the act because not embraced within the title, the other parts of the act would be complete without it. In fact, to eliminate this provision, because in violation of section 45 of the Constitution in that it is not embraced within the title, would be to purge the act of immaterial and improper matter; and we feel that we can say, from the language of the whole act, that the Legislature would have passed it with this provision eliminated. For this reason, and the further one that the case made by this record does not fall within the provisions in question, the validity of this provision is not now before us, further than to warrant the holding that even if void it would not invalidate the whole act, or any part thereof upon which a decision of the case in hand is made to depend.

Owing to what we said on the original hearing, and what is said in brief filed amicus curiæ on this hearing, we deem it proper to now decide that the provision in question does not apply, and was not intended to apply to any county or counties in the state except that or those which have a population of more than 26,000, and less than 26,100 inhabitants. All other counties, not otherwise excepted from the provisions of the act, are governed by the Code provisions as to the clerical duties and functions of the county court. The act dealing generally with all the county courts in the state, it is a general,

[1] Ante, p. 405.

and not a local statute; and its character in this respect is not changed or affected by reason of the fact that its provisions are not uniform as to all the courts or counties with which it deals. This has been repeatedly decided by this court, and we have no inclination or intention of now departing from it.

In the case of Smith v. Stiles, 195 Ala. 107, 70 South. 905, it was said:

"Any law which deals with a general subject and applies to it throughout the state, that is, wherever it exists in the state, is a 'general law,' although there is no subject upon which it may operate in some parts of the state. To hold that a law, in order to be a general one, must operate uniformly in every county and precinct in the state, would amount to holding that a general law could not be framed regulating all the cities in the state because there are no cities in some of the counties, or that a law regulating railroads, coal mines, rivers, pine forests, and many other general subjects would be 'local' because the subject dealt with did not exist in some of the counties."

It therefore follows that the Act of 1915, p. 862, and all its provisions so far as they are involved on this appeal, are valid, and that this statute repealed the local act of 1898-99 (page 1507), for Conecuh county; and that the probate judge is required by law to perform the duties of clerk of the county court for that county, or to employ a clerk at his own expense, to perform such duties; and that appellant, as clerk of the circuit court, is not authorized, much less required, to perform such duties.

The rehearing is granted. And the judgment of affirmance of this court, heretofore rendered, is set aside, and a judgment of reversal entered in its stead, denying to the clerk of the circuit court the application for mandamus.

· Reversed and rendered.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.