141 So. 553

**STATE ex rel. CAMP v. HERZBERG.**

**7 Div. 106.**

Supreme Court of Alabama.

March 31, 1932.

Rehearing Denied May 19, 1932.

Alto V. Lee and W. M. Rayburn, both of Gadsden, for appellant.

638

Dortch, Allen & Dortch and M. C. Sivley, all of Gadsden, for appellee.

BOULDIN, J.

This is a proceeding by quo warranto to test the right of L. L. Herzberg to hold the office of "Chairman of the Board of Commissioners of the City of Gadsden," created by the act approved March 6, 1931. Gen. Acts 1931, p. 174.

Appellant challenges, first, the eligibility of respondent to hold the office.

The act creating the office declares: "No member of the Commission * * * shall hold any office of profit or trust under the laws of any State of the United States." Section 13, p. 178, Gen. Acts 1931.

Admittedly, respondent, at the time he was elected, qualified and entered upon the discharge of the duties of such new office, was a member of the board of trustees of the University of Alabama, and, pending his incumbency in such new office, he has continued to serve as a member of the board of trustees of the University of Alabama.

In line with the weight of authority generally, this court has declared that statutory and constitutional provisions forbidding the holding of two offices at the same time do not render the holder of one office

ineligible to election or appointment to. another, nor prevent him from lawfully qualifying and entering upon the duties of the latter office; that the entering upon the duties of the latter office, ipso facto, vacates the former office. Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; Mann v. Darden, 171 Ala. 143, 54 So. 504; note to Attorney General v. Oakman, 86 Am. St. Rep. 582.

■ The statute before us seems to have been framed with reference to this rule. It follows that, if membership on the board of trustees of the University be the holding of an office of trust within the meaning of this statute, respondent's acceptance and entry upon the duties of his new office, ipso facto, without resignation, vacated the former office.

We need not, therefore, determine whether membership on the board of trustees of the University is an office of trust within the meaning of such statute. Such inquiry would go only to whether Judge Herzberg may lawfully continue to serve as a trustee of the University.

■ The Senate Record of the election of commissioners by the Senate of Alabama, as provided in the act, expressly discloses such election was in pursuance of said act. Entitling the office "Chairman of the City of Gadsden" instead of the true title "Chairman of the Board of Commissioners of the City of Gadsden," was a mere irregularity not invalidating such election. Such record is self-correcting.

Further questions presented go to the constitutionality of the act creating the office. They challenge the legal existence of such office.

Appellant insists the act in question is a local law as defined by section 110 of the Constitution, and therefore void for want of the published notice required by section 106. The act, both in title and body, is made applicable to cities which now or may hereafter have a population of as much as 24,000 and less than 40,000; population to be determined by the federal census from time to time. Classification of cities on a population basis for many different purposes has been common ever since the Constitution of 1901 became effective. Indeed, the Constitution itself makes such classification for some purposes. See sections 225, 228.

■ Whether such statute deals with the form of city government or the powers of such government, the legislative power to enact laws applicable to a class based on a population basis is the same.

■ That the law is applicable and intended to be applicable for the present to only one city is not the test of a local or general law. If it will become operative in all other cities as they come within the population class, it is a general law, provided the classification itself is not so arbitrary, or so hedged about with limitations, as to amount to a designation rather than a classification. While it often seems the Legislature is inclined to unduly extend and, we may say, abuse the rules of construction sanctioned by long precedent, yet a firm regard for the fundamentals of our government, one of separate and co-ordinate departments, forbids the striking down of legislative enactments, passed by legislators, the chosen representatives of the people, and sworn as we are to maintain the Constitution, unless such acts are clearly in violation of the Constitution. We cannot say, therefore, that a population basis of 24,000 to 40,000 may not furnish a rational basis for a classification of city government in the matter of its governing body and the powers conferred. The wisdom and good policy of the particular form of municipal government is a legislative, not a judicial question. State ex. rel. Gunter et al. v. Thompson et al., 193 Ala. 561, 69 So. 461; Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231; State ex rel. Crenshaw et al. v. Joseph et al., 175 Ala. 579, 57 So. 942, Ann. Cas. 1914D, 248; State ex rel. George B. Ward v. Eugene B. Henry (Ala. Sup.) 139 So. 278; [1] State ex rel. J. B. Russum v. County Commission of Jefferson County (Ala. Sup.) 139 So. 243; [2] Hasty, Judge v. Marengo County Bank, 204 Ala. 229, 86 So. 37; State ex rel. Adams v. McLellan, 202 Ala. 41, 79 So. 379; State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473; Thomas, Clerk Circuit Court, v. State ex rel. Armstrong, 200 Ala. 661, 77 So. 35; Commonwealth v. Moir, 199 Pa. 534, 49 A. 351, 53 L. R. A. 837, 85 Am. St. Rep. 801; Ladd v. Holmes, 40 Or. 167, 66 P. 714, 91 Am. St. Rep. 457; Wheeler v. Philadelphia, 77 Pa. 338, 349, and 351; Commonwealth v. Wert, 282 Pa. 575, 128 A. 484–486.

■ The point is further made that the act cannot apply to other cities coming within the population classification by future census returns, because by the terms of the act elections of commissioners are provided for only in 1934 and every four years thereafter. It is argued that, if a city reaches 24,000 by the census of 1940, the present government of the city would be abolished by the act, but no provision is made to elect a board of commissioners until 1942. Assuming, without deciding, that such legislative omission would invalidate the act, provision is made by general law applicable to this and all other municipalities for filling such vacancies by appointments of the Governor. Code, § 2585; Ex Parte Johnson, 203 Ala. 579, 84 So. 803.

■ The statute before us is original, not amendatory in form; is a complete enactment within itself. It is not within the ban of Constitution, § 45, forbidding amendments of statutes by reference, etc. Pre-existing statutes,

[1] Ante, p. 224.
[2] Ante, p. 229.

so far as in conflict therewith, are repealed by implication. Hayes v. State, 221 Ala. 389, 128 So. 776; Byrd v. State ex rel. Colquett, 212 Ala. 266, 102 So. 223; Hawkins, Treasurer, v. Roberts & Son, 122 Ala. 130, 27 So. 327; Jackson v. State, 171 Ala. 38, 55 So. 118; State ex rel. Gunter et al. v. Thompson, 193 Ala. 561, 69 So. 461; Lovejoy v. City of Montgomery, 180 Ala. 473, 61 So. 597; Gibson v. State, 214 Ala. 38, 106 So. 231; State ex rel. Terry v. Lanier, 197 Ala. 1, 72 So. 320.

The bill in course of passage was amended in the title and in the body of the act so as to change the population basis of 25,000 to 50,000 to a basis of 24,000 to 40,000, and the class designation was changed from C to D.

The subject-matter of the bill was the creation of a class of cities with boards of commissioners having defined powers. There was no departure from this purpose, nor was there an entire change of the population basis. Admittedly the purpose throughout was to make the act applicable to the city of Gadsden, the only city to be presently affected. The original plan was to bring Gadsden within the 25,000 classification by consolidation through a local bill pending at the same time.

There was no such alteration by amendment as to change its original purpose within the meaning of section 61 of the Constitution as frequently construed by this court. State ex rel. Attorney General v. Buckley, 54 Ala. 599; Harrison v. Gordy, Judge, etc., 57 Ala. 49; Stein v. Leeper, 78 Ala. 517; Abernathy v State, 78 Ala. 411; Donnelly v. State, 78' Ala. 453; Dunbar v. Frazer, 78 Ala. 538; Hall v. Steele, 82 Ala. 562, 2 So. 650; State ex rel. Adams v. McLellan, 202 Ala. 41, 79 So. 379.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

