FAULKNER, Justice.
Plaintiffs appeal from an order of the Circuit Court of Montgomery County holding an act of the Alabama Legislature constitutional. Because the Act was not published in accordance with constitutional mandate, we reverse.
Plaintiffs in this suit are plaintiffs and also defendants in a federal action in which on November 15, 1978, the U. S. District Court for the Middle District of Alabama declared the at-large system for election of the Montgomery County Commission unconstitutional. Hendrix v. McKinney, 460 F.Supp. 626 (M.D.Ala.1978). The parties were given 180 days to submit a joint apportionment plan. Preliminary to submitting that plan, plaintiffs filed suit to have Act 468 of the 1977 Legislature declared null and void as violative of § 106 of the Alabama Constitution, and to enjoin the Probate Judge of Montgomery County from conducting elections under the Act. The Circuit Court upheld the Act as a general law with local application to which § 106, Ala.Const., was not applicable.
Act 468 reads as follows:
“AN ACT
“Relating to counties having populations of not less than 150,000 nor more than 180,000 inhabitants according to the 1970 or any subsequent federal decennial census, to redivide such counties into districts for the purpose of electing the county governing bodies.

“Be It Enacted by the Legislature of Alabama:

“Section 1. The provisions of this act shall apply only in counties having populations of not less than 150,000 nor more than 180,000 inhabitants according to the 1970 or any subsequent federal decennial census. Must reside in his district at least six months prior to seeking district election and only those people that reside in each district shall be eligible to vote in said district [sic].
“Section 2. Any county to which this act applies is hereby divided into five districts numbered 1, 2, 3, 4 and 5 for the purpose of electing members of the county governing body. The five districts shall be described as follows:
“District “No. Description Total Percent of Population Deviation
“1 In the county to which this act applies: 33,642 + 0.25
Tract 1 1,215
Tract 2 4,545
Tract 3 Except ED 34 2,272
Tract 4 Except ED 38, 39, 41 5,859
Tract 6 Except Blocks 403, 404, 411 501, 511 of ED 99; ED 100 4.447
*266 “District Total “No. Description Population Percent of Deviation
“1 In the county to which this act applies: — Continued
Tract 7: Except Blocks 108, 202, 204 205, 805, 306 of Ed 124; ED 125, 126 and Blocks 401, 402 403, 407, 408 of ED 127 2,894
Tract 14: ED 137, except Blocks 409, 411, 412, 413, 414, 514, 515, 516 515
Tract 15: ED 120, 121, 122, 123 2,958 Montgomery North Division:
All except ED 18, 20, 21 5,763
Tract 9 3,174
District 1 is composed primarily of Legislative District 77, except as amended below:
Deletions: Tract 5 ED 50; Blocks 409, 410, 411, 412, 413, 414, 514, 515, 516, from ED 137; Tract 14 ED 183 from Tract 26 ED 161, 162, from Tract 53, ED 185, 186 187 from Fairview Division
Addition:
Tract 9
“2 In the county to which this act applies: 33,587 + 0.09
Tract 22: ED 156, 158 1,875
Tract 24: ED 73, Blocks 207, 208, 210, 211, 212, 213, 214, 301, 302, 303, 304 412
Tract 29 1,354
Tract 31 3,775
Tract 32 1,348
Tract 56: ED 145, 146C 413
Tract 53 751
Montgomery Division 3,027
Montgomery North Division:
ED 18, 20, 21 888
Mitylene Division 1,481
Mount Meigs Division 2,318
Pike Road Division 3,775
Pine Level Division 1,798
Ramer Division ' 3,155
Hope Hull Division: ED 196, 197, 198 199, 199B 6,995
Fairview Division: ED 185, 186, 187 221
District 2 is composed primarily of Legislative District 78, except as amended below:
Deletions: ED 157, Tract 22, Crenshaw County portion, and ED 117 of Montgomery North Division.
Additions: Montgomery Division:
Tract 18 ED 163
Tract 19 ED 184
Tract 25 ED 164
Tract 27 ED 182
Tract 9 ED 165
Tract 30 ED 166, 167
Tract 20 ED 173
Tract 23 ED 170
*267 “District Total Percent of “No. Description Population Deviation
“2 In the county to which this act applies: — Continued
Tract 28 ED 178
Tract 33 ED 181
Tract 53
Hope Hull Division ED 200
Fairview Division ED 185,
186, 187
“3 In the county to which this act applies: 33,447 -0.33
Tract 3: ED 34 1,202
Tract 4: ED 38, 39, 41 3,731
Tract 5 3,547
Tract 16 5,163
Tract 17 6,622
Tract 18 4,005
Tract 19 2,773
Tract 25 2,507
Tract 26 1,907
Tract 27 1,953
Tract 51: ED 25 B 27
Tract 54: ED 24 10
District 3 is composed primarily of Legislative District 79, except- as amended below:
Deletions: Montgomery Division:
Tract 18 Ed 163
Tract 19 ED 184
Tract 25 ED 164.
Tract 27 ED 182
Additions: ED 50 from Tract 5
ED 183 from Tract 26
“4 In the county to which this act applies: 33,645 + 0.26
Tract 10 6,820
Tract 11 9,351
Tract 12 5,373
Tract 23: ED 76, Blocks 504, 505, 506, 508; ED 74, Ed 75 2,249
Tract 24: Except ED 73, Blocks 207 208, 210, 211, 212, 213, 214, 301, 302, 303, 304 4,670
Tract 30 1,432
Fairview Division: Except Ed 185,186, 187,190, 191, 192, 193 3,750
District 4 is composed primarily of Legislative District 80, except as amended below:
Deletions: Tract 9, Tract 13 ED 133
Additions: Fairview Division: Except ED 185, 186, 187, 190, 191, 192, 193 Tract 23: ED 74, ED 75, ED 76, Blocks 304, 504, 505, 506, 508
“5 In the county to which this act applies: 33,469 -0.27
Tract 6: Blocks 403, 404, 411, 501, 511 of Ed 99; ED 100 482
Tract 7: ED 125, 126; and Blocks 401 402, 403, 407, 408 of ED 127;
*268 “District Total Percent of “No. Description Population Deviation
“5 In the county to which this act applies: — ’Continued
and Blocks 108, 202, 204, 205 305, 306 oí ED 124 CO <£> o
Tract 13: ED 130, 131, 132, 133, 134 to UK o
3,628 Tract 14: ED 135, 136, 138, 139 and Blocks 409, 410, 411, 412, 413 414, 514, 515 of ED 137
2,793 Tract 15: ED 117, 118, 119
4,431 Tract 20
4,377 Tract 21
6,121 Tract 22: Ed 151, 152, 153, 154, 155, 157
2,116 Tract 23: Except ED 75, ED 75, Blocks 304, 504, 505, 506, 508 of ED 76
2,545 Tract 28
2,736 Tract 33
District 5 is composed primarily of Legislative District 81, except as amended below:
Deletions: Montgomery Division
Tract 20 ED 173
Tract 23 ED 170
Tract 28 ED 178
Tract 33 ED 181
Additions: Tract 6: Blocks 403, 404,
411, 501, 511 of ED 99
Tract 7: Blocks 108, 202,
204, 205, 305, 306, of ED
124; ED 125; Blocks 401,
402, 403, 407, 408 of ED 127
Tract 13: ED 133; Blocks
409, 410, 411, 412, 413, 414,
514, 515, 516 of ED 137
Tract 22: ED 157
“All tract, districts and enumeration districts (ED’s) referred to herein are those adopted pursuant to the decree of August 31, 1973 from the United States District Court for the Middle District of Alabama, Northern Division entitled Sims, Farr, United States et a 1. vs. Amos, Pelham, Owen, et a 1.
“The members of the county governing body of any county to which this act applies shall hereafter be elected from the five districts hereby created, one representative from each district.
“Attached herto as Appendix I [not included in this opinion] is a color-coded map, and each colored district will substantially correspond to the appropriate district herein described.
“Section 3. All laws or parts of laws which conflict with this act are hereby repealed.
“Section 4. This Act shall become effective January 1, 1980 upon its passage and approval by the Governor, or upon its otherwise becoming a law.
“Approved May 11, 1977.
“Time: 1:30 P.M.
“I hereby certify that the foregoing copy of an Act of the Legislature of Alabama *269 has been compared with the enrolled Act and it is a true and correct copy thereof.
“Given under my hand this 12th day of May, 1977.
“JOHN W. PEMBERTON “Clerk of the House”
Incorporated into the Act was a color-coded map of Montgomery County.
The Act was introduced by Rep. Alvin Holmes of Montgomery in response to a 1976 ruling by the District Court that the at-large system of election unconstitutionally diluted the black vote in Montgomery. Hendrix v. Joseph, No. 74-262-N (M.D.Ala., Feb. 26, 1976); remanded 559 F.2d 1265 (5th Cir. 1977). That ruling was stayed pending appeal. Act 468 was not published in Montgomery County although there was extensive publicity and public debate over the proposed legislation.
Section 106 of the Alabama Constitution provides in pertinent part:
“No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution, unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, or if there is no newspaper published therein, then by posting the said notice for four consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof by affidavit that said notice has been given shall be exhibited to each house of the legislature, and said proof spread upon the journal. The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section.” (Emphasis added.)
It is admitted that this section was not complied with in the instant case. The question instead is whether or not § 106 is applicable at all. Defendants assert that Act 468 is a general law with local application and it is therefore constitutional. If, however, Act 468 is a local law it is clearly void for failure to comply with § 106.
In Belcher v. McKinney, 383 So.2d 136 (Ala.1976), we reiterated the three tests which must be met if an act based on a population classification is to be a general act: (1) “There must be a substantial difference in population; (2) the classification must be made in good faith; and (3) the classification must be reasonably related to the purpose sought to be achieved by the act.” 333 So.2d at 139, citing Reynolds v. Collier, 204 Ala. 38, 85 So. 465 (1920). In addition the act must have application to a shifting class, i. e., “there must exist a possibility of application to other counties which may come within the classification fixed by the statute.” Belcher, supra at 140; Brittain v. Weatherly, 281 Ala. 683, 207 So.2d 667 (1968); State ex rel. Camp v. Herzberg, 224 Ala. 636, 141 So. 553 (1932). The act cannot be “so hedged about with limitations as to amount to a designation rather than a classification.” Camp, supra at 639, 141 So. at 554; Brittain v. Weatherly, supra.
Under these principles of law it is readily apparent that Act 468 is not a general law. The Act relies primarily on the census tracts unique to Montgomery County to establish the voting districts. It refers to the legislative districts of Montgomery County and incorporates a color-coded map of the county. These designations, which could never be applicable to any other county, compose the bulk of the Act. To hold these details severable, as defendants urge us to do, would eviscerate the Act and make it wholly ineffectual in accomplishing its purpose. Act 468 is clearly a local law and under the mandate of § 106 we have no alternative but to pronounce it void for lack of proper publication.
REVERSED AND RENDERED.
TORBERT, C. J., and BLOODWORTH, MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.